# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17-cr-00083 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| OMAR S. WILLIAMS, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Docs. 226, 230, 234, 235) |
| | ) | |

This matter is before the Court on the *Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018* (Doc. 226) (the "Motion") filed by *pro se* Defendant Omar S. Williams ("Williams").  The United States of America filed a response (Doc. 230), and Williams filed an additional reply (Doc. 234).

For the reasons stated below, the Motion is DENIED.

## I.       BACKGROUND

A federal grand jury charged Williams with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count One), possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Four), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Six). Doc. 11. Pursuant to a plea agreement, Williams pled guilty as to Counts One and Six. Doc. 36.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI").  Doc. 81.  The PSI indicated Williams was a career offender pursuant to U.S.S.G. § 4B1.1(a) due to his two prior felony convictions of either a crime of violence or a controlled substance offense. Doc. 81 at p. 9, ¶ 35. Therefore, he

1

had a total offense level of 34[1] and a criminal history category of VI, and the advisory guideline range was 262–327 months.  Doc. 81 at p.17, ¶ 67. The Court ultimately used a guideline range of 168–210 months based on an offense level of 30 and a criminal history category of VI. Docs 89, 107. The Court sentenced Williams to 210 months' imprisonment as to Count One and 120 months as to Count Six, concurrent, and dismissed Count Four. Doc. 89.

Williams later filed the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* (Doc. 156) based on claims of ineffective assistance of counsel, which was denied following an evidentiary hearing. Doc. 211. After the Sixth Circuit denied his request for an appeal, it also denied Williams' attempt to file a second or successive § 2255 motion based on his belief that the sentence was erroneous due to an incorrect career offender designation. *In re Williams*, No. 21-3845, 2022 U.S. App. LEXIS 4285 (6th Cir. Feb. 16, 2022). Thereafter, Williams filed this Motion as a final effort to reduce his time in prison.

## II.    LAW AND ANALYSIS

The Court generally cannot change or modify a sentence once it is imposed unless that authority is expressly granted by statute. *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted). One grant of authority to modify sentences lies in 18 U.S.C. § 3582(c)(1)(A).

As a preliminary matter, if the motion for compassionate release is filed by the defendant, the Court must first ensure either i) they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or ii) that 30 days have lapsed from the receipt of the request by the warden of defendant's facility. 18 U.S.C. § 3582(c)(1)(A). It is unclear based on the filings in this case whether Williams appealed any failure

---

[1]    The beginning offense level was 37. The final total offense level of 34 per the PSI was based on a proposed three level reduction for acceptance of responsibility. Doc. 81 at pp. 9–10, ¶¶ 35–38.

of the Bureau of Prisons to bring a motion for compassionate release on his behalf. However, Williams filed the Motion on September 13, 2023, well over 30 days after his written request for compassionate release to the warden (Doc. 234-1 at p. 1), therefore Williams satisfies this first requirement.

The Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. *Hampton*, 985 F.3d at 531. To that end, district courts need not confine themselves to evaluating extraordinary and compelling reasons as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021) (internal quotation marks omitted). In short, district courts have discretion to define "extraordinary and compelling" circumstances. *United States v. McCall*, 56 F.4th 1048, 1054–55 (6th Cir. 2022). In November 2023, Amendment 814 took effect and altered the policy statement, U.S.S.G. § 1B1.13, providing for its application to motions for compassionate release filed by defendants. *United States v. Sandlain*, No. 23-2101, 2024 U.S. App. LEXIS 8273, at *4 (6th Cir. Apr. 5, 2024). Most notably, the policy statement expounds upon "extraordinary and compelling" reasons and adds new guidance as to when changes in law may be considered. *See* U.S.S.G. §§ 1B1.13(b)(6), (c).

While the Court has discretion to decide whether a defendant moving for compassionate release has established an "extraordinary and compelling" reason, that discretion is not so broad or unlimited as to permit finding a nonretroactive change to federal sentencing law as extraordinary or compelling enough to permit a sentence reduction. *McCall*, 56 F.4th at 1054–55. Rather, "the nonretroactivity of judicial precedent announcing a new rule of criminal procedure is not

extraordinary" and "a criminal defendant serving the duration of a lawfully imposed sentence is not compelling." *Id.* at 1056. Williams submits several theories to establish "extraordinary and compelling" circumstances.

### A. The Predicate Offenses

First, Williams argues that there have been developments in underlying state law relative to his prior convictions, and that these changes affect his designation as a career offender. Doc. 226 at 13–35. Williams was deemed a career offender pursuant to U.S.S.G. § 4B1.1(a) because (1) he was at least 18 years old at the time of the offense; (2) the instant offense was a felony that was either a crime of violence or a controlled substance offense; and (3) he had at least two prior felony convictions of either crimes of violence or controlled substance offenses. Doc. 81 at p. 9, ¶ 35. He now argues that the underlying precedent related to his convictions for felonious assault and trafficking has changed. Williams claims that felonious assault under O.R.C. § 2903.11(A) is no longer a crime of violence, and trafficking under O.R.C. § 2925.03(A)(2) is no longer a controlled substance offense, therefore he does not satisfy the third requirement of the career offender enhancement because he does not have two prior qualifying felony convictions. Doc. 226 at pp. 15–26.

Williams first relies on opinions providing for allegedly new interpretations of O.R.C. § 2903.11(A). Williams cites *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019), which held that Ohio's felonious assault statute was divisible, and only subsection (A)(2) of § 2903.11 qualified as a violent-felony predicate.[2] He also refers to *Johnson v. United States*, 576 U.S. 591 (2015) where the Supreme Court held that the imposition of an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) was unconstitutional. Last, Williams relies on *Williams v.*

---

[2]     None of the filings in this case nor included in the state court docket indicate which subsection of O.R.C. §2903.11 Williams was convicted under.

*United States*, 927 F.3d 427 (6th Cir. 2019), wherein the Sixth Circuit held, in light of *Johnson*, that neither the residual clause nor the elements clause justified deeming a conviction under O.R.C. § 2903.11(A)(1) a predicate offense under the Armed Career Criminal Act.

As the Sixth Circuit previously indicated when denying Williams' motion for authorization to file a second or successive § 2255 motion, the cases he relies on have not been made retroactively applicable. *In re Williams*, 2022 U.S. App. LEXIS 4285, at *3 (6th Cir. Feb. 16, 2022). Although the standard considered there was different in that the Court was considering a motion to vacate, rather than one for compassionate release, the ultimate question remains. The Court must look to retroactivity to determine whether the circumstances [the change in law] are "extraordinary and compelling." *See McCall*, 56 F.4th at 1054–55. Here, the precedent that potentially stands for Williams' felonious assault charge not qualifying as a predicate offense for the career offender designation has not been deemed retroactive, and therefore there is no change in law that establishes an "extraordinary or compelling" circumstance to justify compassionate release.

Next, Williams relies on *Mathis v. United States*, 579 U.S. 500 (2016) in support of his argument that his trafficking charge under O.R.C. § 2925.03(A)(2) is not a predicate offense because it is not a controlled substance offense. Doc. 226 at p. 20–28. In that case, the Supreme Court found the defendant's state burglary conviction was not a predicate crime under the Armed Career Criminal Act. *Mathis* at 521. Williams applies this analysis to his own circumstances to argue that the elements of O.R.C. § 2925.03(A)(2) are broader than the Sentencing Guidelines' definition of "controlled substance offense," therefore that conviction was erroneously counted toward the career offender enhancement. Doc. 226 at p. 27. However, he again fails to establish

there is any retroactive change to sentencing law that would give rise to an "extraordinary and compelling" reason for a sentence reduction. *See McCall*, 56 F.4th at 1054–55.

Although Williams cites no law applicable to his argument that the trafficking conviction is not a "controlled substance offense," the Court has construed the Motion liberally (pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972)) and found controlling law to support its finding that there has been no change in law with respect to this offense. A trafficking charge under O.R.C. § 2925.03(A)(2) is a predicate offense because it is a controlled substance offense. *See United States v. Wright*, 43 F. App'x. 848, 852–53 (6th Cir. 2002) (recognizing section 2925.03 as including both qualifying and non-qualifying crimes, but specifically holding a conviction under section 2925.03(A)(2) qualifies); *see also United States v. Robinson*, 333 F. App'x. 33, 36 (6th Cir. 2009) ("Because § 2925.03(A)(2) includes an element of manufacture, import, export, distribution, or dispensing, or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b)") (internal quotation marks omitted). As such, there is no retroactive change in law relative to Williams' conviction pursuant to O.R.C. § 2925.03(A)(2) that establishes an "extraordinary or compelling" circumstance to justify compassionate release.

### B. The Instant Offense

As discussed above, Williams was deemed a career offender pursuant to U.S.S.G. § 4B1.1(a) because (1) he was at least 18 years old at the time of the offense; (2) the instant offense was a felony that was either a crime of violence or a controlled substance offense; and (3) he had at least two prior felony convictions of either crimes of violence or controlled substance offenses. Doc. 81 at p. 9, ¶ 35. His second argument addresses the second requirement of the career offender enhancement. Williams asserts that Count One (conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846) is not considered a "controlled substance offense" in the

Sixth Circuit due to changes in the law since he was sentenced, and he likewise does not meet the second requirement of the career offender analysis. Doc. 226 at pp. 28–34. He cites to a myriad of cases, most of which do not apply to the issue he raises. Notably, Williams relies on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), where the Sixth Circuit held the Sentencing Guidelines' definition of "controlled substance offense" does not extend to attempt crimes. He also cites *United States v. Powell*, 852 F. App'x. 978 (6th Cir. 2021) to support his argument that the *Havis* logic applies to conspiracy crimes. Doc. 226 at p. 33. However, *Powell* does not stand for the premise that conspiracy to possess with the intent to distribute is an attempt crime.

In light of Williams proceeding *pro se* and the resulting responsibility to construe the Motion liberally, the Court adds that it is aware of two decisions where the Sixth Circuit applied the reasoning of *Havis* to conspiracy offenses. *See United States v. Stephens*, 812 F. App'x. 356, 357 (6th Cir. 2020); *United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020). However, Williams' arguments regarding a change to statutory interpretation here find the same end as those dealing with his predicate offenses. *Havis*, *Stephens*, and *Cordero* were decided years after Williams was sentenced and there are no retroactive changes to the sentencing law that would give rise to Count One (conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846) not being considered a "controlled substance offense," to vacate Williams' status as a career offender. *See McCall*, 56 F.4th at 1054–55; *see also United States v. Maldonado*, No. 5:16-CR-264, 2021 U.S. Dist. LEXIS 133367, at *4 (N.D. Ohio July 19, 2021) ("The Court recognizes that, given *Havis* and *Cordero*, Defendant's prior drug conspiracy offense might not contribute to a career offender designation today. But *Havis* does not have retroactive effect. Maldonado was correctly sentenced under the law as it stood in 2017.") Although it was not effective at the time the Motion was filed, the Court also notes that the Sentencing Commission specifically addressed

this argument with the amendment to U.S.S.G. § 4B1.2, effective November 2023. The section was amended to add subsection (d) – "Inchoate Offenses Included. The terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." Accordingly, there is no retroactive change in law relative to Williams' conviction pursuant to 21 U.S.C. § 846 that establishes an "extraordinary or compelling" circumstance to justify compassionate release.

### C.  Sentencing Disparities

Last, Williams argues that the Court should grant the Motion because "extraordinary and compelling" circumstances exist due to the unwarranted sentencing disparities amongst defendants with similar records. Doc. 226 at 35–39. The Motion was filed before Amendment 814 took effect on November 1, 2023, and Williams does not ask the Court to consider the Motion in light of it. However, the Court construes the Motion liberally pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972). As such, the Court assumes Williams may have relied on the new U.S.S.G. § 1B1.13(b)(6) in filing this Motion because it added that "post-sentencing legal changes may be considered in the extraordinary and compelling analysis." However, the subsection does not apply to Williams because he has not served at least 10 years of his term of imprisonment. *See United States v. Sandlain*, No. 23-2101, 2024 U.S. App. LEXIS 8273, at *4 (6th Cir. Apr. 5, 2024).

Regardless of the amended policy statement, this argument is also foreclosed by controlling law holding that alleged sentencing errors such as sentencing disparities are neither extraordinary nor compelling reasons for compassionate release. *United States v. Persaud*, No. 23-3103, 2023 U.S. App. LEXIS 24163, at *6 (6th Cir. Sep. 12, 2023) (citations omitted).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**D.  The Section 3553(a) Factors**

If the defendant establishes that "extraordinary and compelling" reasons for their release exist, the second question the Court faces is whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021). Although the Court finds Williams has not met the threshold requirement of establishing "extraordinary and compelling" reasons, it has additionally considered the section 3553(a) factors to alternatively find they do not warrant his release. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

Upon consideration of the applicable § 3553(a) factors, the Court has determined that release is not warranted in light of the circumstances of Williams' case.  Most relevant here is the nature of the offenses and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (2). Williams was engaged in a scheme with others to conduct drug trafficking activity related to cocaine, and he illegally possessed several weapons. Doc. 81 at p. 4, ¶¶ 1–3. Further, Williams' criminal history plays a role in the Court's consideration of this Motion. *See* 18 U.S.C. §§

3553(a)(1). Williams' involvement with illegal activities began when he was a juvenile. Doc. 81 at p. 10, ¶¶ 40–42. His criminal activity continued to his adult years, when he was found guilty of various drug-related offenses in addition to a felonious assault conviction involving serious physical harm to a woman during a domestic dispute. Doc. 81 at pp. 11–12, ¶¶ 43–46. Next, Williams' sentence fell within the applicable sentencing guidelines range at the time.[3] *See* 18 U.S.C. § 3553(a)(4). At the time of sentencing, the Court considered these factors and determined that a 210-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2). The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today, this Court would impose the same sentence.

### III.    CONCLUSION

Williams does not present, and the Court does not find, extraordinary and compelling circumstances that warrant his compassionate release. Additionally, the applicable § 3553(a) factors do not warrant a reduction to his sentence. For the reasons stated above, the *Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018* (Doc. 226) is DENIED.


Date:   May 1, 2024                             */s/ John R. Adams*
                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE

---

[3]    The guideline range of 168–210 months was applied based on an offense level of 30 and a criminal history category of VI. Docs 89, 107.